IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Dontavious H. Jackson,<br><br>    PETITIONER<br><br>v.<br><br>Warden, Perry Correctional Institution,<br><br>    RESPONDENT | Case No. 0:20-841-TLW<br><br><br>**Order** |

Petitioner Dontavious H. Jackson, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. ECF No. 51. In the Report, the magistrate judge recommends that Respondent's motion for summary judgment be granted and the petition be denied as untimely. *Id*. at 10. Petitioner initially did not file objections to the Report. However, after the first deadline to file objections ran, he submitted a motion for an extension of time to reply. ECF No. 55. The Court granted that motion. ECF No. 56. Petitioner then filed objections to the Report on February 26, 2021. ECF No. 60. The Court has carefully considered those objections.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the

1

> report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In the Report, the Magistrate Judge recommends granting Respondent's motion for summary judgment because (i) Petitioner failed to comply with the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d), and (ii) because Petitioner is not entitled to equitable tolling. The Court has thoroughly reviewed the record in this case, including (i) the time periods set forth in the Report, and (ii) the time periods set forth in the Respondent's Return and Memorandum, and in the state court exhibits that Respondent has filed with the Court. Specifically, the record reflects that the habeas petition was filed over 8 months after the expiration of the statute of limitations.

Notably, in Petitioner's filings, he does not dispute the fact that his petition is untimely. Instead, he states that equitable tolling should be granted because he has "limited knowledge and access to the law" and relied on the advice of counsel. ECF No 48 at 1, 5 and ECF No. 60 at 1. As stated by the magistrate judge in the Report, Petitioners argument that he has limited knowledge and access to the law does not

2

avail him, as it is well recognized that these factors do not warrant equitable tolling. ECF No. 51 at 9 (*citing Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000); *Jones v. South Carolina*, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, at *3 (D.S.C. June 30, 2006)).

As to Petitioner's statement that his untimeliness is due to advice of counsel, there is no assertion that Petitioner was misled by counsel as to any federal habeas filing deadline or that PCR counsel's conduct had any role in the late filing. Petitioner states that he filed his habeas petition on February 13, 2020, "pursuant to the advice of counsel" and attaches a letter from his Appellate Defender dated March 4, 2019. ECF No. 48-1 at 9. The Court has reviewed that letter and finds that the letter provided general advice about Petitioner's circumstances and did not mislead Petitioner as to his habeas filing deadline. In fact, the letter provided a fair warning regarding the applicable statute of limitations, and the strict enforcement of same. The Court specifically notes that Petitioner's Appellate Defender enclosed a copy of the "pertinent section of that statute" for Petitioner's review and stated, "[p]lease understand that it is **your obligation alone** to ensure that a federal habeas application is timely filed if you want to continue challenging your conviction." *Id.* (emphasis in original). In light of the specific warning in counsel's letter, Petitioner has failed to show that he "(1) has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Holland v. Florida*, 560 US 631, 649 (2010). Accordingly, the Court

finds that the Report correctly states that Petitioner has not established grounds for equitable tolling.

The Court has carefully reviewed the Report, the outline of dates relevant to the petition's timeliness, and the Petitioner's objections. This Court agrees with the analysis of the magistrate judge.  For the reasons stated by the magistrate judge, the Report, ECF No. 51, is **ACCEPTED**.  Respondent's motion for summary judgment, ECF No. 29, is **GRANTED**.  This action is hereby **DISMISSED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

March 9, 2021
Columbia, South Carolina